### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK

---

NORBERTO LOPEZ & EILEEN M. LOPEZ, individually
and as Parents and Natural Guardians of N.L. an infant
over the age of 14 years, and N.L.,

Plaintiffs,

-vs-

Webster Central School District, Webster Board of
Education, John Walker Individually and in his capacity
as Principal of Webster-Thomas High School, and Mary
Kidd Individually and in her capacity as Assistant Princi-
pal of Webster-Thomas High School,

Defendants.

DECISION AND ORDER
05-CV-6473-CJS

---

### APPEARANCES

For plaintiffs:                          Nira T. Kermisch, Esq.
                                         36 W. Main Street Suite 405
                                         Rochester, NY 14614
                                         (585) 232-7280


For defendants:                          Jeremy A. Colby, Esq.
                                         Webster Szanyi, LLP
                                         1400 Liberty Bldg.
                                         Buffalo, NY 14202
                                         (716) 842-2800


### INTRODUCTION

This case is before the Court on defendants' motion to dismiss plaintiff's first and

third causes of action, and a portion of plaintiff's second cause of action. For the reasons

outlined below, defendants' application is granted in its entirety.

## BACKGROUND

Plaintiffs alleged[1] four causes of action in a complaint filed on August 9, 2005 with the New York State Supreme Court, 7th Judicial District,[2] as follows: (1) defendants' actions violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); (2) defendants violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d[3]; (3) defendants violated plaintiff N.L.'s rights to equal protection as guaranteed by "Section 1983 of the Civil Rights Law…"; (4) defendants negligently failed to act on plaintiffs' complaints.

On September 12, 2005, defendants removed the case to this Court and then, on September 22, 2005, moved to dismiss plaintiff's first and third causes of action, and a portion of plaintiff's second cause of action. In their complaint, plaintiffs allege that 14-year-old N.L., is an Hispanic[4] male, was a student at Webster-Thomas High School. Plaintiffs further allege that from the beginning in September of 2004, N.L. was subjected to racial and national original harassment by two other students, identified in the complaint as R.M. and A.M., both of whom, it is alleged, rode the same school bus with him. Further, plaintiffs state that despite numerous complaints to defendants, the harassment continued. Plaintiffs also allege that N.L. told defendant Mary Kidd, "that he could not take the harassment any longer, and that should it happen again, he would fight back and may hit his tormentors."

---

[1]The complaint is signed by plaintiffs' counsel.

[2]Monroe County Clerk Index No. 2005/8843.

[3]Incorrectly identified in the complaint as 2000(d).

[4]The complaint does not define the term. The dictionary defines it to mean,"of or relating to the language, people, or culture of Spain or Spanish-speaking Latin America," or "a Spanish-speaking person." For the purposes of this motion, the Court will assume that plaintiff is referring to the first definition which relates to one's ethic background, vice the second, relating only to one's language abilities.

(Compl. ¶ 23.) Plaintiffs then allege that on October 6, 2005, when N.L. was again harassed, on the "basis of his race[5] and/or national origin."[6] "N.L. could no longer contain himself and struck R., and a fight ensued." (Compl. ¶ 25.) As a result of the fight, N.L. was suspended for five days, while "his tormentor, who for weeks, has been harassing N. on the basis of his race and/or national origin, received only a three day suspension." (Compl. ¶ 28.) The complaint does not specify which "tormentor" was suspended, though the Court will assume it was R.M. for the sake of this motion. Plaintiffs further contends that N.L.'s pediatrician pulled him out of school as a result of the emotional distress caused by the harassment.

## STANDARDS OF LAW

***Rule 12(b)(6) Standard***

To prevail on a motion for dismissal under Rule 12, a defendant must show that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See H.J. Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 249 (1989); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][a] (Matthew Bender 3d ed.). "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).The Court must view the complaint, and draw all reasonable inferences, in the light most favorable to the non-moving party. *Id.*; *see also* 2 MOORE'S FEDERAL

---

[5]The Complaint does not describe N.L.'s race.

[6]Other than stating he is an Hispanic male, the complaint does not state N.L.'s national origin.

PRACTICE, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true). Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and that "all pleadings shall be so construed as to do substantial justice," FED. R. CIV. P. 8(f). On a Rule 12(b)(6) motion, the issue before the Court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

> Finally, while the plaintiff need not set out in detail the facts upon which he bases a claim, he must provide the "defendant fair notice of the nature of the claim and the grounds upon which it rests." *Washington v. James*, 782 F.2d 1134, 1140 (2d Cir. 1986) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 [1957]). Where the allegations are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, they are meaningless as a practical matter and legally insufficient to state a claim. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)(*citing Ostrer v. Aronwald*, 567 F.2d 551, 553 [2d Cir. 1977]; *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1976); *Powell v. Jarvis*, 460 F.2d 551, 553 [2d Cir. 1972]).

*Parisi v. Coca-Cola Bottling Co.*, 995 F. Supp. 298, 300–01 (E.D.N.Y. 1998).

### *Equal Protection Claim*

Title 42, section 1983, furnishes a cause of action for the violation of one's federal rights created by the Constitution. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). It provides, in relevant part:

> Every person who, under color under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A § 1983 claim has two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Eagleston v. Guido*, 41 F.3d 865, 872 (2d Cir. 1994). With regard to an equal protection claim, the Second Circuit has held, "[t]he Equal Protection Clause of the Fourteenth Amendment to the United States Constitution 'is essentially a direction that all persons similarly situated should be treated alike.'" *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995) (*quoting City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439) (other citations omitted). Thus, to establish an equal protection violation on the basis of selective prosecution, a plaintiff must show that: "(1) compared with others similarly situated, he was selectively treated; and (2) such selective treatment was based upon impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Estate of Morris v. Dapolito*, 297 F. Supp. 2d 680 (S.D.N.Y. 2004) (*citing LaTrieste Restaurant & Cabaret v. Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994)). As the Second Circuit has stated, a plaintiff "must satisfy both prongs of the test stated above." *Zahra*, 48 F.3d at 684.

## ANALYSIS

Plaintiffs concede that their first cause of action, alleging a claim under Title IX, should be dismissed. (Pl.s' Mem. of Law at 2.) Further, plaintiffs concede that the second cause of action, to the extent it alleges claims under Title VI against John Walker and Mary Kidd individually, should also be dismissed. Consequently, the Court dismisses the first cause of action and dismisses the second cause of action against the individual defendants.

As to plaintiffs' third cause of action, the Court agrees with defendants that the allegations in the complaint, purportedly alleging an equal protection claim violation, are insufficient, even under the liberal pleading standards of Rule 8. The Court concludes that, upon a plain reading of the complaint, it fails to allege an equal protection violation based upon N.L.'s racial or ethnic background. Although the tormentor is alleged to have verbally taunted N.L., it was, as the complaint makes clear, N.L. who escalated the altercation by striking him. As logical as N.L.'s action might have seemed to him in his frustration with defendants' alleged inattention to his numerous complaints and the taunting, it shows that N.L. was not "similarly situated" with respect to his tormentor, about whom there is no allegation of physical violence. Thus, even before defendants have answered, it is clear that on their equal protection cause of action, plaintiffs can prove no set of facts that would entitle them to relief.

## CONCLUSION

Accordingly, defendants' motion (# 6) to dismiss is granted to the extent that the first and third causes of action are dismissed, and the second cause of action is dismissed with regard to the individual defendants, John Walker and Mary Kidd. However, plaintiffs' counsel indicated she would be filing an amended complaint on December 12, 2005, as a matter of right pursuant to Federal Rule of Civil Procedure 15(a).

IT IS SO ORDERED.

Dated:   December 12, 2005
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge