# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

NORBERTO LOPEZ & EILEEN M. LOPEZ, individually and as Parents and Natural Guardians of N.L. an infant over the age of 14 years, and N.L.,

                        Plaintiffs,

                -vs-                            DECISION and ORDER

WEBSTER CENTRAL SCHOOL DISTRICT, WEBSTER BOARD OF EDUCATION, JOHN WALKER Individually and in his capacity as PRINCIPAL OF WEBSTER-THOMAS HIGH SCHOOL, AND MARY KIDD Individually and in her capacity as Assistant Principal of Webster-Thomas High School,

                        05-CV-6473-CJS

                        Defendants.

---

**APPEARANCES**

For plaintiffs:                      Nira T. Kermisch, Esq.
                                      36 W. Main Street Suite 405
                                      Rochester, NY 14614
                                      (585) 232-7280

For defendants:                 Jeremy Colby, Esq.
                                      Frank V. Balon, Esq.
                                      Michael P. McClaren, Esq.
                                      Webster Szanyi, LLP
                                      1400 Liberty Bldg.
                                      Buffalo, NY 14202
                                      (716) 842-2800

**INTRODUCTION**

This case is before the Court on defendants' motion to dismiss plaintiff's second cause of action alleging a violation of plaintiffs' rights under the Equal Protection clause of the United States Constitution. For the reasons outlined below, defendants' application is granted in its entirety, and plaintiffs' second cause of action is dismissed.

**BACKGROUND**

Plaintiffs alleged[1] three causes of action in an amended complaint filed on December 12, 2005, as follows: (1) defendants' actions violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d;[2] (2) defendants violated plaintiff N.L.'s rights guaranteed by the Fourteenth Amendment and the Equal Protection clause of the Fourteenth Amendment; (3) defendants negligently failed to act on plaintiffs' complaints.

In addition to opposing defendants' motion to dismiss, plaintiffs have also filed a cross-motion seeking leave to file a second amended complaint, which they allege is attached to their moving papers. (Kermish affirmation (# 20-2) ¶ 9.) However, plaintiffs in fact failed to attach any such second amended complaint to their papers.

Turning to plaintiffs' amended complaint, it includes the following factual allegations regarding all of plaintiffs' causes of action:

> Plaintiff Nicholas Lopez was treated differently than other similarly situated students by being prevented from attending school as a result of the failure by the Defendants to act; by being denied homework, though other similarly situated students were given homework when they could not attend school; by being blamed for the hostile work environment when the students who

---

[1]The amended complaint is signed by plaintiffs' counsel and lists a "First," "Second" and "Fourth" cause of action, but no "Third" cause of action.

[2]Incorrectly identified in the amended complaint as 2000(d).

harassed him were not blamed, though they harassed Nicholas for months without any provocation on his part; by Defendant Walker stating to Nicholas that he failed to take responsibility for his own actions, while failing to state so to the students who harassed Plaintiff for months.

(Compl. ¶ 40.) In the second cause of action, plaintiffs further allege, "Plaintiff Nicholas Lopez was treated differently from similarly situated students in his school," (Compl. ¶ 56), and that:

> Plaintiff, Nicholas Lopez, was treated differently than other similarly situated students by being prevented from attending school as a result of the failure of the Defendants to stop the harassment; by being denied homework, though other similarly situated students were given homework when they could not attend school; by being blamed for the hostile work environment when the students who harassed him were not blamed, though they harassed Nicholas for months without any provocation on his part; by Defendant Walker stating to Nicholas that he failed to take responsibility for his own actions, while failing to state so to the students who harassed Plaintiff for months.

(Compl. ¶ 58.)

## STANDARDS OF LAW

### *Rule 12(b)(6) Standard*

To prevail on a motion for dismissal under Rule 12, a defendant must show that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See H.J. Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 249 (1989); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][a] (Matthew Bender 3d ed.). "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767,

773 (2d Cir. 1991).The Court must view the complaint, and draw all reasonable inferences, in the light most favorable to the non-moving party. *Id.*; *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true). Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and that "all pleadings shall be so construed as to do substantial justice," FED. R. CIV. P. 8(f). On a Rule 12(b)(6) motion, the issue before the Court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

> Finally, while the plaintiff need not set out in detail the facts upon which he bases a claim, he must provide the "defendant fair notice of the nature of the claim and the grounds upon which it rests." *Washington v. James*, 782 F.2d 1134, 1140 (2d Cir. 1986) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 [1957]). Where the allegations are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, they are meaningless as a practical matter and legally insufficient to state a claim. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)(*citing Ostrer v. Aronwald*, 567 F.2d 551, 553 [2d Cir. 1977]; *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1976); *Powell v. Jarvis*, 460 F.2d 551, 553 [2d Cir. 1972]).

*Parisi v. Coca-Cola Bottling Co.*, 995 F. Supp. 298, 300–01 (E.D.N.Y. 1998).

## ANALYSIS

In moving for dismissal of plaintiffs' second cause of action, defendants contend that this Equal Protection claim is precluded by plaintiffs' Title VI claim. Additionally, defendants maintain that, in any event, plaintiffs' allegations, as set forth in their second cause of action, are insufficient to support an Equal Protection claim. As to defendants' preclusion argument, the Court determines that plaintiffs' Title VI claim subsumes their Equal

Protection cause of action and, consequently, the latter is subject to dismissal. *Bayon v. State Univ. of N.Y. at Buffalo*, No. 98-CV-0578E(Sr), 2001 U.S. Dist. LEXIS 1511, 8-9 (W.D.N.Y. Feb. 15, 2001) As Judge Elfvin wrote in *Bayon*,

> plaintiff's section 1983 claims, as pled, are not separate and distinct from his Title VI and ADA claims. Where Congress has established enforcement mechanisms containing remedial devices that are sufficiently comprehensive, as it has done with Title VI and the ADA, those enforcement mechanisms may not be bypassed by bringing suit under section 1983. Accordingly, plaintiff's remaining section 1983 claims against the individual defendants in their individual capacities must be dismissed.

*Id*. (citation omitted). While plaintiffs contend that *Bayon* is wrongly decided, the Court disagrees with their position. *Boulahanis v. Board of Regents*, 198 F.3d 633, 641 (7th Cir. 1999); *Alexander v. Chicago Park Dist.*, 773 F.2d 850, 856 (7th Cir. 1985) ("Since Title VI provides its own remedial scheme, we hold that private actions based on Title VI may not be brought under § 1983."). In *Boulahanis*, the Seventh Circuit held that,

> The fact that individual claims are not available under Title IX means that Congress has chosen suits against institutions as the means of redressing such wrongs…. As we noted in *Waid*,[3] in establishing Title IX, "Congress intended to place the burden of compliance with civil rights law on educational institutions themselves, not on the individual officials associated with those institutions." *Waid*, 91 F.3d at 862. Here plaintiffs-appellants have a Title IX claim against Illinois State University. Under our holding in *Waid*, the district court was correct in determining that the availability of that claim preempts the remedies available for sex discrimination under Section 1983.

*Boulahanis*, 198 F.3d at 640 (citation omitted). The Seventh Circuit came to the same conclusion with regard to the plaintiffs' Title VI claims. *Id*. at 641.

In opposing defendants' motion to dismiss, plaintiffs also direct the Court's attention to the Supreme Court's decision in *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795,

---

[3]*Waid v. Merrill Area Public Schools*, 91 F.3d 857 (7th Cir. 1996).

805 (1999). In that case, the Supreme Court determined that the plaintiff's claims for Social Security Disability Insurance ("SSDI") benefits and for damages under the Americans with Disabilities Act ("ADA") did not inherently conflict. The Court wrote:

> Finally, if an individual has merely applied for, but has not been awarded, SSDI benefits, any inconsistency in the theory of the claims is of the sort normally tolerated by our legal system. Our ordinary Rules recognize that a person may not be sure in advance upon which legal theory she will succeed, and so permit parties to "set forth two or more statements of a claim or defense alternately or hypothetically," and to "state as many separate claims or defenses as the party has regardless of consistency." Fed. Rule Civ. Proc. 8(e)(2). We do not see why the law in respect to the assertion of SSDI and ADA claims should differ.

*Cleveland*, 526 U.S. 805. The Court further wrote that that case,

> requires us to review a Court of Appeals decision upholding the grant of summary judgment on the ground that an ADA plaintiff's "represent[ation] to the SSA that she was totally disabled" created a "rebuttable presumption" sufficient to "judicially esto[p]" her later representation that, "for the time in question," with reasonable accommodation, she could perform the essential functions of her job.

*Id*. at 802. The Court finds that *Cleveland* is clearly distinguishable. There, the Supreme Court was not presented with the precise issue here: whether the existence of a comprehensive statue addressing a constitutional issue precludes a private law suit for the same issue under 42 U.S.C. § 1983.

In *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981), the Supreme Court stated that "[w]hen the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." As the Second Circuit has pointed out, the "Sixth, Eighth and Tenth Circuits, … have carved out an exception to

the *Sea Clammers* doctrine for constitutional rights. These circuits allow a Title IX[4] plaintiff to bring a separate § 1983 action predicated on a violation of a constitutional right." *Bruneau ex rel. Schofield v. South Kortright Cent. School Dist.*, 163 F.3d 749, 757 (2d Cir. 1998). The Second Circuit, however, declined to do so in *Bruneau. Id*. at 757-58. While *Bruneau* involved school district and school board defendants, and not individuals, the Second Circuit's decision did not limit its rationale to non-individual defendants. Instead, the Court reasoned that,

> we have already determined that Title IX provides the exclusive remedial avenue. Congress intended Title IX to be the appropriate vehicle to protect all of plaintiff's rights arising in this situation as Title IX's enforcement scheme fully addresses her constitutional claims against the School District and School Board. Consequently, we hold that plaintiff may not maintain her § 1983 claim and thereby bypass the comprehensive remedial scheme created in Title IX.
>
> In so holding, we join the Third and Seventh Circuits in recognizing no constitutional rights exception to the Sea Clammers doctrine. These circuits have held that a § 1983 claim based on the Equal Protection Clause is subsumed by Title IX. *See Waid v. Merrill Area Public Sch.*, 91 F.3d at 862; *Pfeiffer v. Marion Ctr. Area Sch. Dist.*, 917 F.2d at 789. We agree with this view. Having already *759 presented her Title IX cause of action to a jury and lost, Bruneau is now relegated to challenging matters that occurred at her Title IX trial.

*Bruneau*, 163 F.3d at 758-59. Like Title IX, Title VI provides a comprehensive administrative enforcement scheme. *See* 34 C.F.R. § 100.1 (2006) *et seq*. Title IX relies on many of the provisions applicable to Title VI. 34 C.F.R. § 106.71 ("The procedural provisions applicable to title VI of the Civil Rights Act of 1964 are hereby adopted and

---

[4]"Title IX was patterned after Title VI of the Civil Rights Act of 1964. Except for the substitution of the word 'sex' in Title IX to replace the words 'race, color, or national origin' in Title VI, the two statutes use identical language to describe the benefited class." *Cannon v. University of Chicago*, 441 U.S. 677, 694-95 (1979).

incorporated herein by reference.") (2006). Title VI's administrative scheme allows persons who believe they were discriminated against to file a written complaint with the responsible department official. 34 C.F.R. § 100.7(b) (2006). A complaint that indicates noncompliance with Title VI triggers a prompt investigation. 34 C.F.R. § 100.7(c). If the investigation reveals a failure to comply with Title VI, the department will take steps necessary to ensure compliance. 34 C.F.R. §§ 100.7, 100.8, 100.9 (2006). Although these regulations do not provide a monetary remedy for a complainant who was discriminated against, the regulations do provide a process designed to effectuate compliance with Title VI. A federally funded entity that does not comply with Title VI may ultimately lose its federal financial assistance. 34 C.F.R. § 100.8. In addition to the administrative remedies, Title VI contains an implied private cause of action through which individuals can obtain both injunctive relief and damages. *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001) ("private individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages.").

Plaintiff has also cited the Supreme Court case of *Gratz v. Bollinger*, 539 U.S. 244 (2003) for the proposition that this decision overruled the Second Circuit's holding in *Bruneau*, the Seventh Circuit's holding in *Boulahanis*, and the Western District of New York holding in *Bayon*. Plaintiff points specifically to the language in *Gratz* that upheld the district court's decision on a summary judgment motion finding that the University of Michigan's College of Literature, Science and the Arts' use of racial preferences in undergraduate admissions violated the Equal Protection Clause of the Fourteenth Amendment, Title VI, and § 1981. From this, plaintiffs argue that the Supreme Court held in *Gratz* that a plaintiff may sue both under § 1983 and Title VI for the same wrong. The Court disagrees. The

Court does not find any discussion in *Gratz* of the issue raised here: that a claim under Title VI precludes a suit under § 1983. Further, the Court notes that the district court decision in *Gratz* noted, "[b]ecause Title VI 'proscribe[s] only those racial classifications that would violate the Equal Protection Clause,' it is not necessary for the Court to engage in a separate analysis regarding Plaintiff's claims under Title VI." Opinion (# 206), *Gratz v. Bollinger*, No. 97-CV-75231-DT (E.D. Mich. Dec. 13, 2000), at 2 n.2 (*quoting Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 287 (1978)). Evidently, the issue of preclusion was never raised before the district court, appellate court, or Supreme Court. Consequently, this Court cannot conclude that *Gratz* has overruled the Seventh and Second Circuit cases cited above, or Judge Elfvin's decision in *Bayon*. In fact, two other district court cases have concluded this year that Title VI subsumes an underlying Equal Protection claim: *Williams v. Underhill*, No. 03:05CV0175 LRH(RAM), 2006 WL 383518 (D. Nev. Feb. 17, 2006), which the Court addressed with counsel at oral argument, and *Rosa v. Valparaiso Community Schools*, No. 2:04 CV 190, 2006 WL 487880 (N.D. Ind. Feb. 27, 2006).

The Court, therefore, determines that Congress meant Title VI to preclude relief under § 1983, both with regard to institutional and individual defendants. The Second cause of action is precluded and must be dismissed. Since the Court has dismissed the Second cause of action on the preclusion ground, it need not address defendants' argument that the Equal Protection cause of action was insufficiently pled.

**CONCLUSION**

Accordingly, defendants' motion (# 17) to dismiss the Second cause of action is granted. Further, since plaintiffs' motion (# 20) to amend her amended compliant was made only for the purpose of adding language to support her Equal Protection claims, that motion is denied as moot.

    IT IS SO ORDERED.

Dated:  March 22, 2006
         Rochester, New York

              ENTER:

                         /s/ Charles J. Siragusa
                         CHARLES J. SIRAGUSA
                         United States District Judge